UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * * * *

Ronnie E. Hindsley,
John Matetich, Jr.,

Plaintiffs,

vs. MINUTE ORDER

T.J. Potter Trucking, Inc., a Minnesota corporation, charter no. 6X-738, and T.J. Potter Trucking, Inc., a Minnesota corporation, charter no. 9F-689,

Defendants. Civ. No. 00-2450 (RHK/RLE)

* * * * * * * * * * * * * * * * * * * *

At Duluth, in the District of Minnesota, this 22nd day of June, 2001.

* * *

On June 21, 2001, the Court heard argument on the Defendants' Motion to compel discovery. At the time of the Hearing, the Plaintiffs appeared by Paul O. Taylor, Esq., and the Defendants appeared by Amanda Cramer DuPont, Esq. For reasons expressed at the close of the Hearing, the Defendants' Motion is granted

At the Hearing, the parties represented that they had resolved the majority of the discovery disputes that had precipitated this Motion to Compel. Specifically, counsel for the Plaintiffs represented that his clients did not object to the Defendants' discovery requests, but rather, were simply dilatory in providing responses,

FILED JUN 22 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD ________
DEPUTY CLERK ________

because of the itinerant nature of the Plaintiff Ronnie E. Hindsley's residence.[1] Further, as noted at the Hearing, Plaintiffs' counsel had recently been successful in contacting Hindsley, who has expressed a willingness to provide responses to the Defendants' discovery requests, within the next ten days.

As we expressed at the time of the Hearing, the Plaintiffs are directed to provide the Defendants with responses to their discovery requests within seven days from the date of this Order, so as to fulfill their outstanding discovery obligations. Further, as Rule 37(b), (c) and (d), Federal Rules of Civil Procedure, makes plain, the failure of the Plaintiffs to comply with this directive, or to otherwise responsibly comply with their discovery obligations, under Federal Rules, may warrant the imposition of sanctions, to potentially include the imposition of monetary penalties, or the dismissal of their cause of action for want of prosecution. On this occasion, we deny the Defendants' request for sanctions, but repetitive conduct, of the same sort, will not be tolerated.

NOW, THEREFORE, It is --

---

[1]Specifically, at the Hearing, counsel for the Plaintiffs advised that Hindsley had recently been evicted from his home, and had, therefore, left the State, without providing a forwarding address, thereby making it difficult to contact him, in order to provide him with the Plaintiffs' discovery responses.

ORDERED:

That the Defendants' Motion to Compel [Docket No. 10] is GRANTED.

BY THE COURT

Raymond L. Erickson
UNITED STATES MAGISTRATE JUDGE